## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  07-10054-01-MLB |
| ) | |
| TROY A. CRONEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter comes before the court for consideration of defendant's motion to dismiss the indictment.[1]  (Doc. 16.)  The motion has been fully briefed and is ripe for decision.  (Docs. 16, 19.)  For the reasons herein, the motion is DENIED in part and taken under advisement in part.

I.   **Background**

Defendant Troy A. Croney has been charged by the United States with one count of arson under the federal arson statute, 18 U.S.C. section 844(i).  (Doc. 1.)  The indictment alleges that defendant "maliciously damaged and destroyed, by means of fire, the Gold-N-Glory Café, a building used in any activity affecting interstate commerce, located at 1600 East 1st Street, Pratt, Kansas."  (Doc.

_____

[1] Two additional motions are pending in this case: 1) defendant's motion for independent testing of certain burnt materials removed from the burn site and the container in which the materials were originally placed and for a hearing to determine if the materials should be suppressed (Doc. 17), and 2) defendant's motion in limine to determine the admissibility of specific statements and opinions that may be prejudicial to him at trial (Doc. 18).  Though all motions have been fully briefed (Docs. 17, 18, 20, 21), the Court will address these motions at a later time in a separate order.

1.)  The alleged act occurred on June 17, 2002.  Defendant moves
for dismissal of the indictment against him, arguing that the
federal statute under which he is charged exceeds Congress's
constitutional regulatory power granted by the Commerce Clause.  In
the alternative, he also asserts that the statute under which he
has been charged is unconstitutional as applied.

## II.  Discussion

Defendant asserts that the federal arson statute is
unconstitutional, both facially and as applied.  The statute
provides, in pertinent part:

> (i) Whoever maliciously damages or destroys, or
> attempts to damage or destroy, by means of fire or
> an explosive, any building, vehicle, or other real
> or personal property used in interstate or foreign
> commerce or in any activity affecting interstate
> or foreign commerce shall be imprisoned for not
> less than 5 years and not more than 20 years,
> fined under this title, or both...

18 U.S.C. § 844(i) (2006).  Defendant argues that the arson statute
is facially unconstitutional because arson is a non-economic
activity and a traditionally local crime lacking any direct nexus
with interstate commerce.  (Doc. 16 at 6-7.)  Without such a
commercial nexus, Congress has no power to regulate arson.  He
further challenges the statute's constitutionality as applied
because the purchase of supplies from out-of-state vendors is an
insufficient nexus to interstate commerce to bring the arson of a
restaurant under the statute.  (Doc. 16 at 3.)

Rule 7(c)(1) of the Federal Rules of Criminal Procedure
requires an indictment be merely a "plain, concise, and definite
written statement of the essential facts constituting the offense

-2-

charged."  Fed. R. Crim. P. 7(c)(1).  A defendant bears a heavy
burden in persuading a court to dismiss an indictment:

> An indictment is sufficient if it sets forth
> the elements of the offense charged, puts the
> defendant on fair notice of the charges against
> which he must defend, and enables the defendant
> to assert a double jeopardy defense.
> Challenging an indictment is not a means of
> testing the strength or weakness of the
> government's case, or the sufficiency of the
> government's evidence.  Rather, an indictment
> should be tested solely on the basis of the
> allegations made on its face, and such
> allegations are to be taken as true.  Courts
> should therefore avoid considering evidence
> outside the indictment when testing the
> indictment's legal sufficiency.

United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006)
(internal quotations and citations omitted).  A challenge to an
indictment based on insufficient factual support for the charge is
"not the proper inquiry."  Id. at 1068.  "On a motion to dismiss an
indictment, the question is not whether the government has
presented sufficient evidence to support the charge, but solely
whether the allegations in the indictment, if true, are sufficient
to establish a violation of the charged offense.  For the most
part, that question does not involve any examination of the
evidence."  Id.  "'It is generally sufficient that an indictment
set forth an offense in the words of the statute itself, as long as
those words themselves fully, directly, and expressly, without any
uncertainty or ambiguity, set forth all the elements necessary to
constitute the offense intended to be punished.'"  Tillman v. Cook,
215 F.3d 1116, 1132 (10th Cir. 2000) (quoting Hamling v. United
States, 418 U.S. 87, 94 S. Ct. 2887, 41 L. Ed.2d 590 (1974)

(quotation omitted)), cert. denied, 531 U.S. 1055, 121 S. Ct. 664, 148 L. Ed. 2d 566 (2000).

**A.    Congress' Authority to Regulate Arson Under the Commerce Clause**

Defendant first argues that arson is not an activity which Congress may regulate under the Commerce Clause due to the lack of any substantial effect arson has on interstate commerce and the non-economic, local nature of the crime.  Article I, Section 8 of the U.S. Constitution, known as the Commerce Clause, authorizes Congress "[t]o regulate commerce with foreign nations, and among the several states, and with the Indian tribes."  U.S Const. art. 1, § 8, cl. 3.  Though broad, the power granted to Congress by the Commerce Clause is categorically limited:

> First, Congress may regulate the use of the channels of interstate commerce.  Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities.  Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce.

United States v. Lopez, 514 U.S. 549, 558-59, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995) (citations omitted).  The third category is implicated here.

This third category is the most problematic as it empowers Congress to regulate or prohibit "activities that substantially affect interstate commerce" indirectly, including activities considered purely local in nature.  Id. at 559.  Time and again the Supreme Court has cautioned that if the regulated activity's effect

-4-

on interstate commerce is too indirect and remote, there would be no intrastate activity remaining that Congress could not regulate. See id. at 557. Allowing Congress to regulate activities with only the most tenuous connection to interstate commerce would "effectually obliterate the distinction between what is national and what is local." Id.

A federal criminal statute that contains a jurisdictional element closely tying the criminal activity to interstate commerce satisfies the substantial relation requirement. Id. at 561. Such a jurisdictional element ensures, through case-by-case inquiry, that the prohibited act does affect interstate commerce. See id.; United States v. Bass, 404 U.S. 336, 348-49, 92 S. Ct. 515, 30 L. Ed. 2d 488 (1971). The inclusion of a jurisdictional provision in a statute "establish[es] that the enactment is in pursuance of Congress' regulation of interstate commerce." United States v. Morrison, 529 U.S. 598, 612 120 S.Ct. 1740 (2000). It clearly indicates Congress' intent to regulate only specific criminal acts, within a broader class of normally local criminal activity, that fall under Congressional authority.

Here, the statute does contain a jurisdictional element. The statute requires that the building or other property burned be used either in interstate commerce or in any activity affecting interstate commerce. Linking the regulated arson activity to such a commercial building ensures that the criminal activity is substantially related to interstate commerce. The effect of arson on a commercial building is not the attenuated and distant effect that defendant argues it is. (Doc. 16 at 7.)

-5-

Defendant also argues that arson is a local, non-economic activity that Congress may not regulate. (Doc. 16 at 7.)  He directs this court to Gonzales v. Raich in support of his assertion that because the federal arson statute is not part of a larger and comprehensive regulatory scheme that is economic or commercial in nature, Congress cannot regulate arson under the Commerce Clause. See Gonzales v. Raich, 545 U.S. 1, 17, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005).  Defendant's interpretation of Raich is inapplicable here.  First, defendant ignores the jurisdictional element discussed in Lopez and never addressed in Raich.  Second, Raich cannot be dispositive on issues related to non-economic activity as the Court readily admitted that the activity then before the court was "quintessentially economic."  Raich, 545 U.S. at 25.

Defendant argues that arson is a non-economic and purely local activity.  He also argues that the Tenth Circuit decision in United States v. Gillespie, 425 F.3d 1183 (10th Cir. 2006), was wrongly decided.  This Court disagrees with both arguments.  Section 844(i) does not preempt state arson laws so as to make them wholly a matter for federal law instead of state law.  Section 844(i) covers the arson of a synagogue housing a for-profit preschool and gift shop, Gillespie, 452 F.3d at 1186-87, but not the arson of a privately owned residence, Jones v. United States, 529 U.S. 848, 859, 120 S. Ct. 1904, 146 L. Ed. 2d 902 (2000).  A jurisdictional element provided in a federal statute may sufficiently tie specific criminal activity to interstate commerce, bringing regulation of the activity under Congressional authority.  See Morrison, 529 U.S. at 613.  This Court holds that because of the jurisdictional

-6-

element provided in section 844(i), the federal arson statute is a constitutional exercise of Congress' regulatory power under the Commerce Clause.

As to defendant's second argument, this court has no authority to find that the Tenth Circuit "wrongly decided" a case.

**B.   A Building Used In Any Activity Affecting Interstate Commerce**

The indictment alleges that the Gold-N-Glory Café, a restaurant, is "a building used in any activity affecting interstate commerce." (Doc. 1 at 1.)  The indictment appropriately sets forth the offense using the language of the federal arson statute, and defendant does not challenge the sufficiency of the indictment.  Instead, defendant challenges the constitutionality of the charging statute as applied.  Based on the discovery provided to the defense counsel, defendant essentially claims that the government does not have sufficient evidence to prove that the restaurant was "used in" commerce-affecting activity.

To determine whether a building is "used in" commerce-affecting activity, and thus covered by the arson statute, the Supreme Court has held that "[t]he proper inquiry... is into the function of the building itself, and then a determination of whether that function affects interstate commerce." Jones, 529 U.S. at 854.  The term "used" refers to "active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." Id. at 855.  A building may have multiple functions, see Gillespie, 452 F.3d at 1188, and the function of the building must have a substantial effect on interstate commerce, see

-7-

Morrison, 529 U.S. at 610.  The "use" test requires the
satisfaction of both prongs to properly establish that a particular
building falls under the federal arson statute.  Additionally, the
nexus of the building to interstate commerce, as established under
the "use" test, must be proven to a jury.  See United States v.
Grassie, 237 F.3d 1199, 1204 (10th Cir. 2001) (noting that a jury
hears argument on the interstate commercial nexus as an element of
federal arson).

     Defendant and the United States agree that at least one of
the functions of the building at issue was to serve food to the
public as a restaurant, a function that is inherently commercial in
nature.  (Doc. 16 at 2; Doc. 19 at 2.)  Defendant, however, does
not believe that the government can establish that the restaurant
had a substantial effect on interstate commerce, thus failing to
meet the second prong of the use test.  Defendant assumes that the
government will solely rely on the restaurant's supply orders from
out-of-state vendors to support the allegation that the restaurant
was engaged in activity affecting interstate commerce.  In
reviewing a motion to dismiss an indictment, it is, of course, not
the province of this Court to determine the sufficiency of the
evidence that the government may or may not present at trial.  The
government must present evidence at trial sufficient to prove all
elements alleged in the indictment.  Without more than the bare
facts alleged in the indictment, this Court cannot now decide
whether or not section 844(i) is constitutional as applied to
defendant's situation.  The Court will take defendant's motion
under advisement, and defendant may raise the motion again at the

-8-

close of the government's case.

## III. Conclusion

As discussed above, this Court finds that 18 U.S.C. section 844(i) is an appropriate and constitutional exercise of Congress' regulatory power under the Commerce Clause.  Accordingly, defendant's motion to dismiss the indictment (Doc. 16) on the grounds that the statute is unconstitutional on its face is DENIED. However, the government must be allowed to present evidence at trial demonstrating that the Gold-n-Glory Café is a building "used in any activity affecting interstate commerce," as appropriately alleged in the indictment.  Defendant's motion to dismiss the indictment on the grounds that 18 U.S.C. section 844(i) is unconstitutional as applied is taken under advisement.


IT IS SO ORDERED.

Dated this   6th   day of August 2007, at Wichita, Kansas.


S/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE